McGREGOR W. SCOTT
United States Attorney
MICHAEL G. TIERNEY
JESSICA A. MASSEY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00026 NONE-SKO |
| Plaintiff, | MOTION TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |
| v. | |
| JOSHUA S. LEONARD, | |
| Defendant. | |

## I. INTRODUCTION

On March 19, 2020, the Court by Minute Order vacated the existing trial confirmation and trial dates in this matter and continued them for a trial setting conference in early May and excluding time under the Speedy Trial Act. Doc. 18 (the "Minute Order"). Following the Court's Minute Order, the United States attempted to enter into a stipulation with the defendant confirming that both parties supported the Court's continuance and Speedy Trial Act exclusion. On March 26, 2020, defense counsel indicated that defendant refused to stipulate to either the continuance or Speedy Trial Act exclusion. Accordingly, the United States now presents further authority supporting the continuance and exclusion and requests the Court make further Findings and specific Order in this Case.

## II. BACKGROUND

At the defendant's arraignment in mid-February 2020, the defendant requested a speedy trial and

declined to waive time under the Speedy Trial Act; the case was accordingly set for trial confirmation hearing on March 27, 2020 and jury trial on April 14, 2020. Doc. 7. Since that time, the Court has issued several General Orders related to the COVID-19 pandemic, including General Orders 611 and 612. In particular, on March 17, 2020, the Court entered General Order 611, suspending all jury trials in the Eastern District of California scheduled to commence before May 1, 2020, as part of an effort to address public health concerns related to COVID-19. On March 18, 2020, General Order 612 issued. That Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluding time under the Speedy Trial Act; General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic, and added additional findings to support the exclusion in the judge's discretion.

The State has also continued to take action to combat the COVID-19 pandemic. As of March 19, 2020, the Governor for the State of California entered a state-wide shelter-in-place order, requiring everyone in the State to stay in their homes except for essential outings, such as to obtain food, prescriptions or healthcare services. https://www.cnn.com/2020/03/19/us/california-coronavirus-stay-home-order/index.html.

On March 19, 2020, the Court issued the Minute Order. Relying on the General Orders, it continued the matter until a trial setting conference on May 8, 2020 at 8:30 a.m. Doc. 18. The Minute Order excluded time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) from the date of the Minute Order to May 8, 2020, finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial in light of the public health emergency posed by the coronavirus (COVID-19) outbreak and the circumstances more fully explained in this court's General Orders 611 and 612."

### III. ARGUMENT

The Speedy Trial Act generally requires that a defendant be brought to trial within seventy days of first appearance, 18 U.S.C. § 3161(c)(1), but time can be excluded from that period for several reasons, including when the ends of justice require it. Ends-of-justice continuances are excludable

where "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). No such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The Act contains a number of non-exclusive factors that should be considered before a court authorizes an ends-of-justice continuance. *Id.* at 3161(h)(7)(B). Accordingly, the Act allows ends-of-justice exclusion, but only after a court considers and makes findings that support the exclusion.

Although General Order 611 addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case following a court's consideration of the factors set forth in the statute. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509 (construing ends-of-justice continuance granted under former section (h)(8)(A) and concluding that failure to make findings constituted reversible error); *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing"). Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as mandatory—the Government seeks to ensure that the Minute Order's finding is fully supported by individualized findings and written Order.

General Order 611 excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a district court's two-week ends-of-justice exclusion following Mt. St. Helens' eruption, where the district court found that the state of emergency made it impossible to proceed. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). As the Ninth Circuit noted, the ends –of-justice continuance can be proper where the record makes clear that there would be "appreciable difficulty" to proceeding to trial during an emergency. *Id.* Various other states

of emergency that disrupt court operations and the ability to assemble court staff, jurors, witnesses and other personnel required for trial may also serve as bases for ends-of-justice continuances. *See United States v. Scott*, 245 Fed. App'x 391, 394 (5th Cir. 2007) (upholding ends-of-justice continuance during Hurricane Katrina). Accord; *United States v. Richman*, 600 F.2d 286, 292, 293-94 (1st Cir. 1979) (approving continuance granted following "a paralyzing blizzard."); *United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). As General Orders 611 and 612 note (and as confirmed by continuing developments since their issuance) COVID-19 presents just such an emergency.

Indeed, even continuances granted when single attorneys, agents, and witnesses become unavailable comport with the Act. *See, e.g.*, *United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017) (prosecutor had "family emergency" requiring "out-of-state travel with no certain return date"); *United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir. 2012) (primary case agent had "immediate and catastrophic family medical emergency"); *Richman*, 600 F.2d at 292, 294 (informant hospitalized). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

This Court generally has "[b]road discretion" to grant continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). Here, in addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the trial involves participants and witnesses with high-risk factors, such as age, medical conditions, etc. The victim in this case also would have to travel by plane to attend the trial from South Carolina. Additionally, counsel and other relevant individuals have been mandated to telework and minimize personal contact to the greatest extent possible and everyone in California is now ordered to adhere to strict shelter-in-place protocols. It will be difficult to avoid personal contact should the trial proceed.

Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

## IV. CONCLUSION

For the foregoing reasons, the United States moves the Court issue written findings and an Order affirming the continuance to May 8, 2020 and excluding time under the ends-of-justice provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Specifically, the United States requests that the Court find that the ends of justice (in light of the global pandemic and its effects on the court system and witness safety and travel) served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: March 30, 2020

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

/s/ MICHAEL G. TIERNEY
MICHAEL G. TIERNEY
Assistant United States Attorney

//
//
//
//
//
//
//
//
//
//
//
//

## FINDINGS AND ORDER

The Court has read and considered the government's Motion to Exclude Time Under Speedy Trial Act. The Court hereby finds that the Motion, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the emergence of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus. Time is excluded under the Speedy Trial Act between March 27, 2020 and May 8, 2020.[1]

IT IS SO ORDERED.

Dated: **March 31, 2020**

UNITED STATES DISTRICT JUDGE

---

[1] In issuing this order the court in no way is suggesting that its Minute Order issued in this case on March 19, 2020 (Doc. No. 19) excluding time was in any way inadequate under either Supreme Court or Ninth Circuit authority. Indeed, in the undersigned's view, in excluding time under the Speedy Trial Act the court's March 19, 2020 order made written on-the-record findings in this particular case following the court's consideration of the factors set forth in the statute, in keeping with the decisions in *Zedner v. United States*, 547 U.S. 489, 509 (2006) and *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000). Nonetheless, and only out of an over–abundance of caution is the court issuing this order.