JAMES R. HOMOLA   #60244
Attorney at Law
2950 Mariposa Street, Ste. 250
Fresno, California 93721
Telephone: (559) 441-7111

Attorney for Defendant
JOSHUA LEONARD

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \*

| UNITED STATES OF AMERICA, | CASE NO. CR-20-26 NONE-SKO |
|---|---|
| Plaintiff, | |
| vs. | REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM |
| JOSHUA LEONARD, | Date:  October 9, 2020 |
| Defendant. | Time: 10:00 am |

Defendant JOSHUA LEONARD, by and through his attorney of record, James R. Homola, submits the following discussion in support of his contention that a custodial sentence of 10 months, followed by a year of supervised release, as described in the plea agreement, recommended by the Probation Officer, and prescribed by straightforward application of the US Sentencing Guidelines, is the appropriate sentence in this case, notwithstanding the government's request, instead, for a sentence of four years probation.

**James R. Homola**
Attorney at Law
2950 Mariposa St
Suite 250
Fresno, CA 93721
(559) 441-7111

I    <u>SENTENCE</u>

Mr. LEONARD has been in custody since his arrest, in Texas, in January of this year. Bail was denied, then and subsequently, after repeated requests, and over repeated invocations of the Speedy Trial Act, each time opposed by the government.

In consequence, as of the date of sentencing, Mr. LEONARD will already have served all, or nearly all, of the custodial sentence recommended by the Probation Officer, and will be liable for any custodial time yet unserved, and for a period of supervised release of not more than one year, pursuant to the express terms of 18 USC §3583(b)(3).

The government, by this request, seeks to have its cake, and eat it, too. The government seeks, effectively imposition of the full term of custody called for by the recommendation of the Probation Officer, pursuant to the US Sentencing Guidelines, and contemplated by the plea agreement [Document #35], and, **after** that custodial term has been served, nearly to completion, under the especially fraught conditions of an ongoing Covid19 pandemic, adding an extended term of supervision that is not authorized by the Guidelines, and is expressly excluded by the relevant statute, 18 USC §3583(b)(3).

The request of the government also contravenes the terms of the plea agreement, which expressly states that the maximum sentence Mr. LEONARD could receive (excluding fines and

James R. Homola
Attorney at Law
2950 Mariposa St
Suite 250
Fresno, CA 93721
(559) 441-7111

2

assessments) would be one year in custody, and one year of supervised release.  The plea agreement makes no mention of any alternative, years-longer sentence of probation, as if Mr. LEONARD had not already served these many months in custody. [Plea Agreement, §V, ¶5, under the heading "Maximum Sentence"]. Mr. LEONARD could not but regard this as a "bait and switch" artifice; it will not promote respect for the law.

II    FURTHER HEARING RE RESTITUTION

While restitution is already addressed in the Presentence Report, the government also requests another hearing, within 90 days, to allow further efforts to contact the complaining witness, to "clarify the amounts of restitution she previously requested."  The government has already interviewed this witness, over a period of days, and has subsequently had nearly a year to gather any such further information from her as might be needed.

The government cites §3664(d)(5) in support of this request, but has offered no other reason than that the government has been unable to reach the complaining witness.  However, the statute states that "Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief." [18 USC §3664(d)(5)]

In this case, this is a witness the government already had substantial time to interview, over a period of days, and did so interview, including as to the matter at issue.

**James R. Homola**
Attorney at Law
2950 Mariposa St
Suite 250
Fresno, CA 93721
(559) 441-7111

3

Mr. LEONARD contends that the bare failure to contact this witness, again, over the ensuing nine or ten months, does not establish good cause for failure to include any conjectured additional losses.  Nor is there any reason to expect that the government, after being apparently unable to contact this witness over the course of this last year, will now likely be able to do so within the next 90 days.

III  CONCLUSION

For all the foregoing reasons, it is respectfully requested that the Court impose the sentence, ten months in custody, and one year of supervised release, contemplated by the plea agreement, prescribed by the US Sentencing Guidelines, and recommended by the Probation Officer.

DATED: October 6, 2018          Respectfully submitted,

/s/ James R. Homola
JAMES R. HOMOLA
Attorney for Defendant
JOSHUA LEONARD

James R. Homola
Attorney at Law
2950 Mariposa St
Suite 250
Fresno, CA 93721
(559) 441-7111

4